IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EDWARD C. McREADY** | * | |
| | * | |
| v. | * | **Civil No.  RWT 08-2347** |
| | * | |
| **MARTIN O'MALLEY, et al.** | * | |
| | * | |

## MEMORANDUM OPINION

Presently pending are privilege issues raised in Plaintiff's Motion to Compel Supplemental Responses to Plaintiff's First Set of Interrogatories To, and First Request For Production of Documents From, Defendant University of Maryland University College, and to Impose Sanctions.  (Dkt. No. 39).  Defendant responded, (Dkt. No. 45), and Plaintiff replied. (Dkt. No. 53).

Plaintiff argues that Defendants' List of Privileged Documents, submitted on April 6, 2009, does not comply with FED.R.CIV.P. 26(b)(5) and Discovery Guideline (9)(c)(ii)(b) because it lacks sufficient detail to enable Plaintiff to evaluate claims of privilege.  Defendants assert that their privilege log contains sufficient information to permit Plaintiff to evaluate their privilege claims.  Although Plaintiff did not raise this as an issue, Defendants also claim that a memo between staff attorney Megan Farrell and UMUC faculty grievance decision-maker Dr. Susan Aldridge dated October 23, 2007, has previously been found to be privileged.  Plaintiff replies that the memo between Farrell and Dr. Aldridge is not privileged.

Federal Rule of Civil Procedure 26(b)(5) requires a party claiming privilege to "describe the nature of the documents, communications or tangible things not disclosed" without revealing privileged information. This District's Discovery Guidelines require that a party asserting privilege must identify with specificity the nature of the privilege, the type of document, the general subject matter of the document, the date of the document and such other information that sufficiently identifies the document.  Local Rules, Appendix A, Guideline 9(c).  Defendants must present specific facts to support their claim of privilege, and they bear the burden of establishing the privilege.  *Neighborhood Development Collaborative v. Murphy, et al.*, 233 F.R.D. 436, 442 (D. Md. 2005).

Defendants provided Plaintiff their list of privileged documents and redacted copies of those documents. Following Guideline 9(c), this log and/or the documents themselves identify the claimed privilege, state whether the documents are emails or meeting notes, and set forth the date of each communication and the general subject matter of the specific document. (Dkt. No. 39, Ex. L). With regard to documents whose headings do not reveal their subject matter, the log provides that information. For example, with regard to redactions 2, 3, 4, 5, and 25, in which the content of the document is not shown on its face or is inconsistent with its subject matter line, the log notes that those communications dealt with the Grievance Committee's decision. Contrary to Plaintiff's claim, a statement that redacted content "refers to confidential attorney/client advice" is not boilerplate but rather specifies the factual basis for the claim of privilege. Defendants are not required to disclose the privileged information to support their privilege claim, and they have met their burden to support their claim of privilege as to these redactions.

Defendants also claim privilege as to an October 23, 2007 memorandum from Megan Farrell to Susan Aldridge. Plaintiff did not challenge this assertion of privilege in his Motion (Dkt. No. 39), but does so in reply to Defendants' statement that the administrative law judge determined that this document was privileged. Assuming, without deciding, that this issue is properly before me despite its omission from the Motion, Plaintiff challenges the privilege on the basis of his belief that any attorney client relationship between Farrell and Dr. Aldridge would violate Rule 3.5(7) of the Maryland Lawyers' Rules of Professional Conduct. That Rule, however, relates to contacts between counsel and neutral adjudicative officers. It does not prohibit agency counsel from providing confidential communications to agency personnel at any level of agency decision-making. Accordingly, Plaintiff's challenge to the privileged nature of this document fails.

Date: August 27, 2009                                           /s/
                                                      JILLYN K. SCHULZE
                                                      United States Magistrate Judge