## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EDWARD C. McREADY** | * | |
| | * | |
| v. | * | |
| | * | Civil No.  JKS 08-2347 |
| **MARTIN O'MALLEY, et al.** | * | |
| | * | |
| | * | |

## MEMORANDUM OPINION

Presently pending is Plaintiff's Motion to (1) Compel Production of Subpoena Duces Tecum Documents, (2) Compel Witnesses' Appearance; and (3) Impose Sanctions.  (Dkt. No. 40).  Defendants responded, (Dkt. No. 52), and Plaintiff replied.  (Dkt. No. 57).  No hearing is deemed necessary, and Plaintiff's motion will be granted in part and denied in part.

Plaintiff moved to compel production of subpoena duces tecum documents from Joseph Whelan and Daniel Hudak, and to compel those witnesses' appearance at deposition.  Defendants responded that these are UMUC documents which Plaintiff should obtain from UMUC rather than from non-party UMUC employees.  Plaintiff replies that he is entitled to seek these documents from witnesses who possess them.  The parties have tentatively agreed to a deposition date.

On its own initiative, the court can limit discovery which is obtainable from a source that is more convenient or less burdensome, or if the party seeking discovery has ample opportunity to obtain the information sought.  FED.R.CIV.P. 26(b)(2); *Nicholas v. Wyndham Intern., Inc.*, 373 F.3d 537, 543 (4th Cir. 2004).  Business records should be requested through the standard discovery process, and the preferred method for obtaining corporate documents is from the corporation itself.  *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 455 (E.D.N.C. 2005).  Plaintiff has shown no basis for deviating from this standard procedure.  Whelan and Hudak, as non-party employees, should not be burdened with these document requests when party UMUC can produce the documents at issue.  Plaintiff's claimed knowledge that Whalen and Hudak possess the documents inappropriately asserts facts outside the record, but does not in any event overcome the objective fact that these documents can be obtained from Defendant UMUC.

The parties have agreed to dates for the depositions of Whelan and Hudak, and thus that portion of Plaintiff's motion is granted.  No sanctions are appropriate.

Date:  August 27, 2009                                                    _____/s/_____
                                       JILLYN K. SCHULZE
                                     United States Magistrate Judge