IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD C. McREADY | : | |
| Plaintiff | : | |
| v. | : | Civil Nos. RWT 08-2347 and RWT 08-2386 |
| MARTIN O'MALLEY, et al. | : | |
| Defendants | : | |

| | | |
|---|---|---|
| EDWARD C. McREADY | : | |
| Plaintiff | : | |
| v. | : | Civil No. RWT 10-056 |
| STATE OF MARYLAND, et al. | : | |
| Defendants | : | |

| | | |
|---|---|---|
| EDWARD C. McREADY | : | |
| Plaintiff | : | |
| v. | : | Civil No. RWT 10-057 |
| STATE OF MARYLAND, et al. | : | |
| Defendants | : | |

## MEMORANDUM OPINION

On September 9, 2008 and September 12, 2008, Edward McReady filed two actions ("the 2008 cases") in this Court challenging certain personnel actions taken by officials of the University of Maryland (Civil Case Nos. RWT 08-2347 and RWT 08-2386). On January 9, 2009, the Court, on its own motion, consolidated the 2008 cases because they involved common questions of law and fact, and directed that all further pleadings be filed in

Civil Case No. RWT 08-2347. On January 12, 2009, this Court entered a Scheduling Order pertaining to the 2008 cases [Paper No. 14]. On May 6 and May 15, 2009, Plaintiff sought, but was denied, leave to amend his complaints.[1] [Paper Nos. 26, 31 and 70]. The 2008 cases then proceeded through a very contentious period of discovery that generated numerous motions to compel.

On January 11, 2010, Mr. McReady filed two additional actions relating to the same subject matter as is contained in the 2008 cases, Civil Case Nos. RWT 10-056 and RWT 10-057 ("the 2010 cases"). Having examined the complaints in the 2010 cases, the Court concludes, as it did in the 2008 cases, that the cases involve common questions of law and fact. Accordingly, the Court, upon its own motion, will consolidate the 2010 cases with the 2008 cases. In addition, from an examination of the complaints, it is clear that Mr. McReady, who has already been denied leave to file amended complaints in the 2008 cases is attempting, with the filing of new complaints, to circumvent Orders of this Court. Accordingly, upon consolidation of the 2010 cases with the 2008 cases, the Plaintiff will be directed to show cause why the complaints in both of the 2010 cases should not be stricken as being unauthorized amended complaints filed without leave of Court and in violation of an Order of this Court.

A separate Order follows.

January 25, 2010  /s/
Date  Roger W. Titus
 United States District Judge

---

[1] The Plaintiff also filed a "Motion to Rescind Court's September 2, 2009 Order Denying Plaintiff's Leave to Amend September 12, 2008 Complaint" [Paper No. 80] and a Response was filed by the Defendants on October 13, 2009 [Paper No. 89]. By separate Order, this Motion will also be denied. He has utterly failed to explain why he should have been permitted to amend his complaints eight months after the original action was commenced and add new parties after extensive discovery had been initiated. Under these circumstances, leave to amend was properly denied and the Court declines to reconsider its prior action.