**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **EDWARD C. MCREADY,** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No.: RWT 08cv2347 |
| | * | |
| **MARTIN O'MALLEY,** *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM OPINION

In response to the Court's Order to Show Cause, *see* Paper No. 126, Plaintiff Edward C. McReady has filed a Show Cause Statement arguing why the Court should not strike complaints filed in two new actions brought by Plaintiff on January 11, 2010, *see* Paper No. 128.  Plaintiff has also filed a Motion to Rescind the Court's January 25, 2010 Order consolidating the 2010 cases with the instant action.  *See id.*

For the reasons set forth below, the Court shall uphold its previous decision consolidating the actions and strike the new complaints as unauthorized amended complaints filed without leave of Court and in violation of an Order of this Court.

## PROCEDURAL HISTORY

This case has a long, protracted procedural history.  To understand the current posture of this case, a brief chronicle of events relating to the four consolidated actions brought by Plaintiff is necessary.  All of the cases challenge certain personnel actions taken by officials of the University of Maryland in connection with Plaintiff's employment.

I.       **The Nonrenewal Case: Case No. 08cv2347**

On September 9, 2008, Plaintiff Edward C. McReady, *pro se*,[1] instituted

Case No. 08cv2347 (the "Nonrenewal Case") against Governor Martin O'Malley, the University

of Maryland, William E. Kirwan, the University of Maryland University College ("UMUC"),

Susan Aldridge, Lawrence E. Leak, Greg von Lehman, John Volpe, Rhea Reed, and Rachel

Zelkind.  *See* Paper No. 1.  The action arises out of a June 21, 2007 decision by the UMUC not

to renew Plaintiff's full-time teaching appointment when it was allegedly set to expire on

June 30, 2008.  *See* Case No. 08cv2347 Compl. at 1.  The complaint contains a long and detailed

recitation of facts, spanning from December 11, 2005 to March 11, 2008.  *See id.* ¶¶ 13-94.

Paragraphs 65 through 94 describe the appeal process that Plaintiff purportedly pursued pursuant

to UMUC Policy 45, Faculty Grievance Procedures.  *See id.* ¶¶ 65-94.

The complaint asserts claims for (i) violations of Plaintiff's rights under the First

Amendment of the United States Constitution and Article 40 of the Maryland Constitution, *see

id.* ¶¶ 95-108; (ii) prospective abusive discharge from public employment, *see id.* ¶¶ 109-111;

(iii) intentional interference with current and prospective contractual relations, *see id.* ¶¶ 112-

142; and (iv) defamation, *see id.* ¶¶ 143-148.

II.      **The Termination Case: Case No. 08cv2386**

Three days after instituting the Nonrenewal Case, Plaintiff brought a second case, Case

No. 08cv2386 (the "Termination Case"), on September 12, 2008 against Shawna Acker-Ball,

Megan Farrell, and Thomas Hogan as well as the defendants named in the first action (except for

Rachel Zelkind).  *See* Case No. 08cv2386 Paper No. 1.  The Termination Case arises out of an

August 24, 2007 decision made by UMUC to terminate Plaintiff's full-time teaching

appointment which was allegedly set to expire on June 30, 2008.  *See* Case No. 08cv2386

---

[1] While Plaintiff is proceeding *pro se*, he is an attorney who is a member of the District of Columbia Bar.

Compl. at 1.  Like the complaint in the Nonrenewal Case, the complaint in the Termination Case contains an exhaustive recitation of events from December 11, 2005 through April 4, 2008.  *See id.* ¶¶ 15-121.  It also describes in detail Plaintiff's efforts to appeal his termination pursuant to UMUC Policy 45.  *See id.* ¶¶ 87-121.

The complaint in the Termination Case asserts claims for (i) violation of Plaintiff's rights under the First Amendment of the United States Constitution and Article 40 of the Maryland Constitution, *see id.* ¶¶ 122-134; (ii) abusive discharge from public employment, *see id.* ¶¶ 135-137; (iii) intentional interference with current and prospective contractual relations, *see id.* ¶¶ 138-171; (iv) defamation, *see id.* ¶¶ 172-179; and (v) breach of contract, *see id.* ¶¶ 180-181.

## III.  Consolidation of the Nonrenewal and Termination Cases, Discovery, and Plaintiff's Motion to File an Amended Complaint

On November 18, 2008, Defendants filed answers in both cases.  *See* Case No. 08cv2347 Paper No. 8;  Case No. 08cv2386 Paper No. 7.

After conducting a telephone status conference, the Court, upon its own motion, consolidated Case Nos. 08cv2347 and 08cv2386 on January 9, 2009, pursuant to Fed. R. Civ. P. 42(a)(2).  *See* Paper No. 13.  The Court also directed that all further pleadings be filed in Case No. 08cv2347.  *See id.*

A scheduling order was issued requiring that depositions and all other discovery be completed by June 19, 2009.  *See* Paper No. 14.  The case was then referred to Magistrate Judge Jillyn K. Schulze for discovery, *see* Paper No. 15, and a telephone discovery hearing was held on February 11, 2009 during which Judge Schulze set forth the ground rules for discovery, *see* Paper No. 19.  Plaintiff subsequently filed a motion for reconsideration of rulings made during the telephone discovery hearing, *see* Paper No. 20, which Judge Schulze denied, *see* Paper No. 25.

On May 6, 2009, Plaintiff filed a Motion for Leave to File an Amended Complaint in the Nonrenewal Case (Case No. 08cv2347), seeking to add a claim that Defendants violated his substantive and procedural due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and Article 24 of the Maryland Constitution.[2]  *See* Paper No. 26.  The new claim relates to Defendants' alleged conduct in connection with Plaintiff's appeal of the June 21, 2007 non-renewal decision.  *See* Case No. 08cv2347 Proposed Amend. Compl. ¶¶ 152-163.  The proposed amended complaint contains no substantive modifications or additions to the facts section, *see id.* ¶¶ 16-97, but does contain additional factual allegations regarding the actions of three new Defendants – Elizabeth Mulherrin, Megan Farrell, and Thomas Hogan[3] – as well as others, in connection with Plaintiff's appeal, *see id.* ¶¶ 152-163.  These new factual allegations relate to events taking place from June 21, 2007 through March 11, 2008.  *See id.*

One week later, on May 15, 2009, Plaintiff filed a Motion for Leave to File an Amended Complaint in the Termination Case (Case No. 08cv2386), seeking to add a due process claim relating to Plaintiff's appeal of the August 24, 2007 termination decision.[4]  *See* Paper No. 31. Again, the proposed amended complaint contains no significant changes to the facts section, *see* Case No. 08cv2386 Proposed Amend. Compl. ¶¶ 15-121, but makes additional factual allegations in connection with his due process claims, *see id.* ¶¶ 182-187.  The additional factual allegations concern events occurring between August 23, 2007 and October 29, 2008.[5]  *See id.*

---

[2] The proposed amended complaint also sought to amend the existing claim for prospective abusive discharge to incorporate allegations that the discharge was in violation of Plaintiff's due process rights.  *See* Case No. 08cv2347 Proposed Amend. Compl. ¶ 114.

[3] Plaintiff had previously named Farrell and Hogan as defendants in the Termination Case.

[4] Like the proposed amended complaint in the Nonrenewal Case, the proposed amended complaint in the Termination Case also sought to add due process allegations to the existing abusive discharge claim.  *See* Case No. 08cv2386 Proposed Amend. Compl. ¶ 137.

[5] The only new factual allegations occurring in 2008 relate to letters dated September 18, 2008 and October 29, 2008 from Plaintiff to Defendant Kirwan requesting that the August 24, 2007 termination decision be overturned because Plaintiff had been denied his due process rights.  *See* Case No. 08cv2386 Proposed Amend. Compl. ¶ 185.  The

After a flurry of contentious discovery motions, the Court on September 2, 2009 denied Plaintiff leave to file amended complaints.[6]  *See* Paper No. 70.  Plaintiff subsequently filed a Motion to Rescind the Court's Order.  *See* Paper No. 80.

## IV.   Consolidation of the Second Nonrenewal and Second Termination Cases, Show Cause Order, and Plaintiff's Show Cause Statement

On January 11, 2010, Plaintiff filed two additional actions in this Court asserting claims for due process violations and abusive discharge.  The 2010 cases and 2008 cases arise out of the same core of operative facts.

The third case, Case No. 10cv56 (the "Second Nonrenewal Case"), and the Nonrenewal Case (Case No. 08cv2347) both arise out of the June 21, 2007 non-renewal decision and are against the same defendants,[7] except that the Second Nonrenewal Case also names as defendants Elizabeth Mulherrin, Megan Farrell, and Thomas Hogan – the three individuals that Plaintiff had

---

proposed amended complaint further states, without explanation, that Defendant Kirwan "refused to comply with Plaintiff's September 18 and October 29, 2008 requests in this regard."  *See id.*

[6] The Court acted within its sound discretion in denying leave to file an amended complaint.  At the time Plaintiff filed his motion, leave of court was required under Fed. R. Civ. P. 15(a) for a plaintiff to amend his complaint without defendant's consent once an answer had been served.  *See* Fed. R. Civ. P. 15(a).  (As of December 1, 2009, a plaintiff may file an amended complaint, without leave of court, within twenty-one days of being served with an answer.  *See* Fed. R. Civ. P. 15(a).)  "The court should freely give leave [to amend] when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  *Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (quotation marks and citation omitted).  Here, Plaintiff filed his motions for leave to file amended complaints approximately (i) eight months after he instituted the actions, (ii) six months after Defendants filed their answers, and (iii) one to one and a half months before the scheduled close of discovery.  (Discovery was later extended.)  Plaintiff knew he could assert due process claims as early as January 7, 2008 – nine months before he filed any lawsuit – when he wrote a letter to Defendant Aldridge in which he "emphasized [certain] *due process violations* occurring during the Policy 45 proceedings in this matter in support of this request that Defendant Leak's December 12, 2007 ruling be overturned . . . ."  Case No. 08cv2386 Compl. ¶ 119 (emphasis added); *see also id.* ¶ 120 (revealing that Plaintiff sent a letter to Defendant Kirwan containing the same due process allegations on March 25, 2008); Case No. 08cv2386 Proposed Amend. Compl. ¶ 185 (stating that Plaintiff again sent letters to Defendant Kirwan outlining his due process claims on September 19, 2008 and October 29, 2008); Case No. 10cv57 Compl. ¶ 55 (same).  Allowing Plaintiff to amend his complaints after discovery and following significant, undue, dilatory delay – delay which may suggest bad faith – would have certainly been prejudicial to Defendants.  *See Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987) ("[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent."); *see also Howard v. Inova Health Care Servs.*, 302 Fed. App'x 166, 181 (4th Cir. 2008) (same).

[7] While the complaint in the Nonrenewal Case names as a defendant Martin O'Malley, the complaint in the Second Nonrenewal Case instead names the State of Maryland.

previously tried unsuccessfully to add by amending his complaint in the Nonrenewal Case. *Compare* Case No. 10cv56 Compl. ¶¶ 1-73, *with* Case No. 08cv2347 Compl. ¶¶ 1-149, *and* Case No. 08cv2347 Proposed Amend. Compl. ¶¶ 1-164.

Similarly, the fourth case, Case No. 10cv57 (the "Second Termination Case"), and the Termination Case (Case No. 08cv2386) both concern the August 24, 2007 termination decision and are against the same defendants,[8] except that the Second Termination Case also names as a new defendant Adelaide A. Lagnese. *Compare* Case No. 10cv57 Compl. ¶¶ 1-65, *with* Case No. 08cv2386 Compl. ¶¶ 1-181.

On January 25, 2010, the Court (i) denied Plaintiff's motion to rescind the September 2, 2009 Order denying Plaintiff leave to file amended complaints; (ii) consolidated the two cases filed in 2010 with the two cases filed in 2008; and (iii) directed Plaintiff to show cause "why the complaints in both of the 2010 cases should not be stricken as being unauthorized amended complaints filed without leave of Court and in violation of an Order of this Court." Paper No. 125.

One week later, Plaintiff filed a Show Cause Statement and Motion to Rescind the Court's Order consolidating the actions filed in 2010 with those filed in 2008. *See* Paper No. 128. Plaintiff also filed on February 16, 2010 a "Motion for Reconsideration of January 25, 2010 Order Denying Plaintiff's September 24, 2009 Motion to Rescind."[9] *See* Paper No. 131.

---

[8] Unlike the complaint in the Termination Case, the complaint in the Second Termination Case does not name as defendants Rhea Reed or Shawna Acker-Ball. In addition, the complaint in the Second Termination Case names as a defendant the State of Maryland instead of Martin O'Malley.

[9] Plaintiff's motion, which is in essence a second motion for reconsideration, is not timely because it was filed more than fourteen days after the Court's January 25, 2010 Order. *See* L.R. 105.10. Even assuming, *arguendo*, that Plaintiff's motion was timely, it provides no grounds for the Court to reconsider its previous Order.

The Court also takes this opportunity to remind Plaintiff of observations made by Judge Schulze during discovery:

> A request for reconsideration is not an opportunity to reassert arguments that have been previously considered and rejected. Rather, consideration of such requests is discretionary with the court, and may be warranted when there is new

## ANALYSIS

Plaintiff argues that "my filing of a motion for leave to add new claims to my existing claims should not prohibit me from ultimately filing new civil actions based solely on the new legal claims in the event my motion for leave to amend my previously filed complaints is denied." *See* Pl.'s Show Cause Statement ¶ 30.  Plaintiff is wrong.

This Court has the authority to administer its docket and dismiss an action that is duplicative of another federal lawsuit.  *See, e.g.*, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (explaining that the "power to dismiss a duplicative lawsuit is meant to foster judicial economy" and protect parties from "the vexation of concurrent litigation over the same subject matter").  "The rule against claim splitting applies to prevent a plaintiff from filing a new lawsuit after the court in an earlier action has denied the plaintiff's request for leave to amend to add the claims later asserted in the second lawsuit." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 Fed. App'x 256, 265 (4th Cir. 2008). For the rule to apply, the claims need not be identical but rather need only "arise out of the same transaction or series of transactions or the same core of operative facts."  *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004) (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996)); *see also Rousseau v. Howard County*, No. JFM-09-CV-1079, 2009 U.S. Dist. LEXIS 108222, at *8-9 (D. Md. Nov. 19, 2009) (same).

---

evidence not previously available or a change in controlling law, or other extraordinary circumstance in which justice requires reconsideration of an erroneous order.  *Robinson v. Fountainhead Title Group Corp.*, 252 F.R.D. 275, 291-92 (D. Md. 2009); *Potter v. Potter*, 199 F.R.D. 550 (D. Md. 2001).

*See* Paper No. 25.  Plaintiff is cautioned that Rule 11 applies both to attorneys and unrepresented parties, and that Plaintiff may be sanctioned for filing frivolous motions.  *See* Fed. R. Civ. P. 11(b).

It is clear that in filing his latest cases, Plaintiff is attempting to circumvent the Court's Order denying him leave to file amended complaints in the Nonrenewal and Termination Cases. As described above, the claims asserted in the new complaints are unequivocally the same claims that Plaintiff unsuccessfully tried to raise in his proposed amended complaints filed in the 2008 cases.  In fact, Plaintiff in his Show Cause Statement concedes that the claims are identical:

> On January 11, 2010, I filed two *new* Complaints, both setting forth *new* civil claims alleging that my rights to due process guaranteed by the Fourteenth Amendment of the U.S. Constitution and State Article 24 were violated by various UMUC/USM officials during the appeals of both the June 21, 2007 non-renewal and August 24, 2007 termination decisions, appeals which were authorized and governed by the provisions set forth in UMUC Policy 45.  These were the same civil claims that I had moved for leave to add to my September 9 and 12, 2008 Complaints in Case Nos. RWT 08-2347 and RWT [08]-2386 on May 6 and 15, 2009.

Pl.'s Show Cause Statement ¶ 9 (emphasis in original).

Moreover, the complaints filed in the new cases – and the proposed amended complaints filed in the Nonrenewal and Termination Cases – raise claims based on events arising *before* September 9, 2008 and September 12, 2008, when Plaintiff instituted the original actions.[10] Plaintiff's due process claims relate to his appeals of the June 21, 2007 non-renewal decision and the August 24, 2007 termination decision, appeals which had been exhausted, at the very latest, by March 11, 2008 and April 4, 2008, respectively.  *See* Case No. 08cv2386 Compl. ¶¶ 94, 96, 139-141 (referring to Defendant Kirwan's March 11, 2008 refusal to overturn Defendant Aldrige's October 24, 2007 decision to uphold Defendant Leak's September 26, 2007 ruling to

---

[10] Although the proposed amended complaint in the Termination Case and the complaint in the Second Termination Case refer to two letters authored by Plaintiff after he brought the earlier cases, *see* Case No. 08cv2386 Proposed Amend. Compl. ¶ 185; Case No. 10cv57 Compl. ¶ 55; *see also supra* note 5, Plaintiff's new due process claims are not based on these letters.  In fact, Plaintiff purportedly sent these letters to Defendant Kirwan on September 18, 2008 and October 29, 2008 requesting that he be reinstated because his *due process rights* had been violated during the pendency of his appeal.  *See* Case No. 08cv2386 Proposed Amend. Compl. ¶ 185; Case No. 10cv57 Compl. ¶ 55.

approve Defendant von Lehmen's June 21, 2007 decision not to renew Plaintiff's full-time teaching appointment); Case No. 08cv2386 Proposed Amend. Compl. ¶ 97, 99, 142-144, 161 (same); Case No. 10cv56 Compl. ¶ 66 (same); Case No. 08cv2347 Compl. ¶ 120 (referencing Defendant Kirwan's April 4, 2008 letter declining to intervene regarding Defendant Aldridge's January 15, 2008 letter upholding Defendant Leak's December 12, 2007 ruling affirming the August 24, 2007 decision to terminate Plaintiff); Case No. 08cv2347 Proposed Amend. Compl. ¶ 120 (same); Case No. 10cv57 Compl. ¶ 54 (same).

Because Plaintiff's new claims arising out of facts predating the 2008 actions could have been considered in these cases had he timely raised them, he cannot avoid the consequences of his delay by simply filing new actions. *See, e.g.*, *Curtis*, 226 F.3d at 140. Such strategies violate the rule against claims splitting and would render utterly meaningless Fed. R. Civ. P. 15(a).

Accordingly, the Court, by separate Order, will deny Plaintiff's motion to rescind and will strike Plaintiff's complaints in Case Nos. 10cv56 and 10cv57.

A separate Order follows.


<u>March 8, 2010</u>                          <u>            /s/            </u>
Date                                          Roger W. Titus
                                              United States District Judge